IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: KEMAH DEVELOPMENT, LLC   §   CASE NO. 23-30969
                                §   (CHAPTER 11)

### DANIEL DROR, II'S EMERGENCY MOTION TO DISMISS BANKRUPTCY

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**NOTICE PURSUANT TO BLR 9013-1: THIS MOTION REQUESTS EMERGENCY (OR EXPEDITED) RELIEF. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY (OR EXPEDITED) BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY (OR EXPEDITED) CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**TO THE HONORABLE JUDGE JEFFREY P. NORMAN:**

Plaintiff, Daniel Dror II, files this Emergency Motion to Dismiss Bankruptcy and respectfully shows the Court as follows:

### I.

### THE COURT'S PENDING SHOW CAUSE ORDER

1.   The Court has already set this case for a Show Cause hearing on April 19, 2023, and has noticed the purported debtor that it must file its required filing fee by April 7, 2023. As

the Court's Show Cause Order states, "[i]n federal courts, it is well established that a corporation cannot proceed pro se and must be represented by counsel."

## II.

### AN EMERGENCY EXISTS

2. An emergency hearing is requested on this Motion. As discussed in more detail below, due to her prior malfeasance and misappropriation of funds of the Estate and various corporate entities, Gabriela Dror is subject to a Temporary Injunction and a Receiver has been appointed by Judge Cox in Cause No. 493,868-401, *Daniel Dror, II vs. The Estate of Daniel Dror, by and through Gabriela Dror, individually and in her capacity as Independent Executor, et al.* pending in Harris County Probate Court Number 3 (the "Estate Ancillary Case").[1] This bankruptcy case, and the additional Voluntary Petition filed by Gabriela Dror purportedly on behalf of "Daniel Dror's Estate" in Case No. 23-30999-H4-11[2] have been filed with the specific intent by Gabriela Dror to allow her time to further violate the Temporary Injunction and Appointment of Receiver as well as additional orders issued from the bench by Judge Cox on March 16, 2023, including orders already violated by Gabriela Dror.

3. On March 22, 2023, Daniel Dror, II, filed an Emergency Motion to Hold Gabriela Dror in Contempt.[3] Indeed, with the Emergency Motion to Hold Gabriela Dror in Contempt and for Sanctions pending, and with no notice to the undersigned counsel or to Daniel Dror, II, Gabriela

---

[1] Exhibit 1: Certified copy of the Probate Court's December 12, 2022, Order.
[2] Simultaneously with the filing of this Emergency Motion, Daniel Dror, II, is filing an Emergency Motion to Dismiss Case No. 23-30999.
[3] Exhibit 2: Certified copy of the Emergency Motion to Hold Gabriela Dror in Contempt of Court and Motion for Sanctions filed in Cause 493,868-401 on March 22, 2023.

Dror sent the following *ex parte* email communication to the Probate Court on March 23, 2023[4]:



Daniel Dror, II's counsel learned of the bankruptcy filings on the afternoon of March 24, 2023. The Staff Attorney for Probate Court 3 forwarded the email from Gabriela Dror on March 27, 2023. The Court Coordinator for Probate Court 3 then informed counsel for Daniel Dror, II, that

---

[4] The email refers to Judge Butts. Judge Butts is a former Harris County Probate Court Judge who, at the suggestion of Gabriela Dror's counsel, served as the mediator for the parties' January 3, 2023, mediation.

no hearing can be set on the Emergency Motion to Hold Gabriela Dror in Contempt until this Court either dismisses the bankruptcy case or lifts the automatic stay.

4. Gabriela Dror is currently in sole possession of approximately $1.2 million subject to the Temporary Injunction that is at high risk of being misappropriated before this Court's Show Cause hearing on April 19, 2023. In addition, despite the Probate Court's March 16, 2023, order, Gabriela Dror has refused to permit Daniel Dror, II, access to his house to inspect the premises and obtain insurance coverage on the valuable art, antiques, and collectibles located on the property, which are also at immediate risk of loss. Finally, the delay occasioned by Gabriela Dror's filing of this bankruptcy serves to prevent the appointed Receiver from performing his duties, which are essential to preventing further risk of loss of Mr. Dror's property.

### III.

#### FACTUAL BACKGROUND

5. Following the Probate Court's December 12, 2022, Order Granting the Temporary Injunction and Appointment of Receiver, on January 3, 2023, the parties successfully mediated the Estate Ancillary Case and executed a Family Settlement Agreement.[5] Due to the failures of Gabriela Dror to implement the terms of the Family Settlement Agreement, which she signed, on March 16, 2023, the Probate Court broadened the powers of the appointed receiver and issued additional orders.[6] Instead of complying with those orders, Gabriela Dror filed this bankruptcy case as well as the Estate bankruptcy case.

---

[5] Exhibit 3: A true and correct copy of the Family Settlement Agreement, redacted to protect sensitive issues is attached to this Motion as Exhibit 3. Movant requests that if the Court requires an unredacted copy of the Settlement Agreement, he be permitted to provide it for *in camera* review.
[6] The Orders issued from the bench by Judge Cox on March 16, 2023, were in the process of being reduced to a written Order at the time this bankruptcy case was filed.

6. The Probate Court's December 12, 2022, Temporary Injunction and Appointment of Receiver found that Gabriela Dror's past breaches of her fiduciary duties warranted issuance of the injunctive relief that prevents Gabriela Dror, in any and all claimed capacities, from

> 2.a. Selling, transferring, pledging, or otherwise encumbering the property located at 1412 North Blvd. and all of its contents pending further order of the Court. [Gabriela Dror] shall maintain the property and its contents in their present condition pending further order of the Court.
>
> 2.b. Utilizing any of the funds or property (including real property, bank accounts, or anything of value), and/or acting in any capacity and/or taking any action, corporate or otherwise, with respect to Kemah Development, LLC, Kemah Development Texas, LP, American International Industries, Inc., American International Texas Properties, Inc., and Kemah 518, Inc. (collectively referred to in this Order as the "Entities") or the Dror Family Trust absent an agreement with the Plaintiff and/or receiver, or further order of the Court.
>
> 2.c. Using any funds of any of the Entities or the Dror Family Trust for any purpose absent an agreement with the Plaintiff and/or Receiver (if applicable) or further order of the Court.
>
> 2.d. Selling, transferring, divesting, encumbering, or in any other way affecting the title of any asset owned by any of the Entities or the Dror Family Trust absent an agreement with [Daniel Dror, II] and/or Receiver (if applicable) or further order of the Court.[7]

The Court's December 12, 2022, Order also appointed a Receiver to, among other duties, "take charge and keep possession of the property of the Dror Family Trust and its, or the Estate's, ownership interest in the Entities and assets owned directly or through the Trust's ownership in [the Entities]." On March 16, 2023, the Probate Court extended the Receiver's duties to appoint the Receiver to have full operational control of the Estate, the Dror Family Trust, and the Corporate Entities to the extent necessary to implement the terms of the parties' Settlement Agreement.

---

[7] On December 20, 2022, while the parties were in Court on Daniel Dror, II's request that the injunction bond be reduced, Gabriela Dror transferred in excess of $1.3 million out of the accounts of the entities.

7. As of the filing of this Emergency Motion, in violation of the Temporary Injunction and Appointment of Receiver, Gabriela Dror is in sole possession of funds in excess of $1.3 million. A substantial portion of those funds belong to Daniel Dror, II, pursuant to the terms of the Settlement Agreement. Gabriela Dror holds no interest in any of the funds. The Estate of Daniel Dror possesses a bank account with a balance of approximately $26,000.00. To movant's knowledge, Gabriela Dror has no meaningful assets in her own name.

8. In addition, Daniel Dror, II, is the owner of a home located at 1412 North Blvd. in Houston, Texas. Pursuant to a 2008 agreement between Daniel Dror, II, and his father, who was Daniel Dror and went by "Danny," his father had a life estate in the property. Pursuant to agreements executed by Daniel Dror, II, Danny, and Gabriela Dror, in 2013, the parties agreed that Gabriela Dror could remain in the home for one year after Danny's death and then until Daniel Dror, II, pays her the sum of $1 million.[8] Danny died on March 15, 2021. Since that time, Gabriela Dror has engaged in an extraordinary pattern of behavior intended to deprive Daniel Dror, II, of all beneficial interest in the entities (including those named in the bankruptcy filings) as well as to prevent Daniel Dror, II, from having any ability to raise funds necessary to pay the $1 million. Those efforts have included a frivolous lawsuit that was dismissed, numerous refusals to comply with the Probate Court's Orders, fraudulent liens against 1412 North Blvd., and now, in direct violation of the Probate Court's March 16, 2023, Orders, the refusal to allow Daniel Dror, II, access

---

[8] In addition to the Family Settlement Agreement (attached as Exhibit 3), the following documents unequivocally establish that the home and contents belong to Daniel Dror, II:
  Exhibit 4A: True and correct copy of 2005 Disclosure signed by Gabriela Dror
  Exhibit 4B: Certified copy of 2008 Life Estate Deed
  Exhibit 4C: 2012 deposition testimony of Gabriela Dror
  Exhibit 4D: 2012 deposition testimony of Danny Dror
  Exhibit 4E: True and correct copy of July 1, 2013 Agreement, signed by Gabriela Dror
  Exhibit 4F: Certified copy of July 1, 2013, Deed of Trust to Secure Obligations Under
      Agreement

to the home he owns, and to which Gabriela Dror has deprived access since mid-2021.[9] The valuable contents of the home (including art, antiques, and collectibles), which pursuant to the 2013 Agreement and the parties' mediated Settlement Agreement belong to Daniel Dror, II, are at present uninsured, and due to Gabriela Dror's refusal to provide access in spite of the Probate Court Orders, cannot be insured as they cannot be inspected and appraised.

9. In 2007, Danny Dror established the Dror Family Trust, in which Daniel Dror, II, and his half-brother, David Dror are each 50% beneficiaries. The Dror Family Trust owns 100% of Kemah Development Texas, LP. Kemah Development Texas, LP in turn owns 88.18% of the American International Industries, Inc. American International Industries, Inc., owns 100% of American International Texas Properties, Inc., and 100% of Kemah 518, Inc. These entities all own undeveloped, non-income producing real estate. The parties' Mediated Settlement Agreement divides the assets of the Dror Family Trust between Daniel Dror, II, and David Dror.

10. There is no legitimate basis for this bankruptcy to have been filed. It was filed *pro se* by Gabriela Dror with the sole intent to allow her to avoid the Orders of the Probate Court, the parties' Settlement Agreement, to create delay, and to permit Gabriela Dror the opportunity to do what she has done for more than 2 years – deprive Daniel Dror, II, of access to his assets and to allow her to continue to deplete the cash and other assets owned directly and beneficially by Daniel Dror, II.[10] Indeed, even if a *pro se* bankruptcy was permitted, Gabriela Dror would not even have

---

[9] As ordered by Judge Cox, during the March 16, 2023, hearing, Daniel Dror, II, his counsel, counsel for Gabriela Dror, and the receiver appeared at the home at 2:00 p.m. on March 21, 2023. Shortly before arriving, counsel for Daniel Dror, II, was informed by Gabriela Dror's counsel that she had texted that she had "a little emergency." Based on the bankruptcy petition filed in this case on March 21, 2023, it appears her "little emergency" was to fraudulently invoke this Court's jurisdiction in a desperate attempt to avoid the Probate Court's Orders.

[10] Exhibit 2: Certified copy of Daniel Dror, II's Emergency Motion to Hold Gabriela Dror in Contempt and Motion for Sanctions.

the authority to file the bankruptcy, on behalf of any of the corporate entities, including the named "debtors." As a result, an emergency exists, and Daniel Dror, II, requests that this Court dismiss this case.

### IV.

### EMERGENCY MOTION

**A.   A CORPORATION CANNOT FILE *PRO SE***

11.   Local Rule 1002-1 specifically states that "Corporate or partnership parties must be represented by counsel at all times." The debtors are a limited liability corporation and a limited partnership. Local Rule 1017-2 further provides that "the failure of a non-individual debtor to act through counsel in the filing of a bankruptcy petition" constitutes grounds for dismissal.

**B.   INACCURACIES IN SWORN BANKRUPTCY FILING**

12.   Gabriela Dror's *pro se* Chapter 11 filing, sworn to by her on penalty of perjury, includes multiple intentional inaccuracies, including the following:

   a.   The filing states that the debtors have operated under assumed names American International Industries, Inc., American International Texas Properties, Inc., and Kemah 518, Inc. These entities are separate corporations; they are not assumed name entities, nor are they entities through which debtors have operated as "doing business as" entities.

   b.   Contrary to the representation made in paragraph 7.A of the filing, debtors are not "Single Asset Real Estate" entities as defined in 11 U.S.C. 101(51B).

   c.   Contrary to the representation made in paragraph 7.B of the filing, debtors are not a "Tax-exempt entity." Both debtors are for profit entities that file tax returns, which, for the past 2 years, have been prepared at Gabriela Dror's sole direction.

   d.   While Gabriela Dror's *pro se* filing purports to be made under Chapter 11,

she fails to identity the required basis of the bankruptcy other than to state in a handwritten interlineation that it is "reorganization." (*See* filing at paragraph 8). No schedules are provided with the filing, and to movant's knowledge, there are no current creditors of either Kemah Development LLC or Kemah Development Texas LP.

    e. The filing claims a need for immediate attention based on the handwritten claim that "Beneficiaries[11] have interest in the land and we need to save it from attorneys at Probate Court wanting to take over our estate – Estate of Daniel Dror Sr." This statement is perhaps the clearest example of Gabriela Dror's true intent – she seeks to have this Court override the valid Temporary Injunction and Appointment of Receiver and subsequent Orders, and to avoid her obligations under the terms of the parties' mediated Settlement Agreement. Even if the claimed basis was in any way a ground to support the filing of a bankruptcy, the "Beneficiaries" identified by Gabriela Dror indisputably includes Daniel Dror, II.

    f. Kemah Development LLC and Kemah Development Texas, LP, do not have 50-99 shareholders (filing at paragraph 14). Kemah Development LLC has one member, and Kemah Development Texas, LP, is owned by the Dror Family Trust, which has 2 equal 50% beneficiaries, Daniel Dror, II, and David Dror.

    g. Gabriela Dror signed the filing as the authorized representative of debtor claiming her authority to do so as "Trustee and general partner" and "as trustee of David Alexander Dror Trust (GP of KLLC). Gabriela Dror's claim to be the "Trustee" of the Dror Family Trust was the subject of the litigation in the Probate Court that was resolved by the mediated Settlement

---

[11] Gabriela Dror's use of the word "Beneficiaries" can only refer to the 2 beneficiaries of the Dror Family Trust, Daniel Dror, II, and David Dror. Obviously, Daniel Dror, II, movant, did not authorize the filing of the Voluntary Petition, and any reference by Gabriela Dror that the filing is to assist the "Beneficiaries" is false.

Agreement, which included the parties' agreement to modify the Dror Family Trust to remove Gabriela Dror as claimed Trustee. The Court signed the Joint Order to Modify on March 17, 2023.[12] Additionally, while Gabriela Dror may be the trustee of the David Alexander Dror Trust, that trust is not the GP of Kemah Development LLC.

**C.    BANKRUPTCY FILED FRAUDULENTLY WITH THE SPECIFIC INTENT TO CAUSE DELAY**

13.    The Voluntary Petition filed by Gabriela Dror includes the following admonition:

> WARNING - Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

In this case, as stated above, Gabriela Dror made multiple false statements in the Voluntary Petition.

**V.**

**CONCLUSION**

14.    Gabriela Dror has repeatedly disregarded the Probate Court's Orders, including the Order Granting Temporary Injunction and Appointment of a Receiver. Despite the Probate Court's repeated efforts to provide Gabriela Dror with every opportunity to comply, not only has she continued to flout the Probate Court's Orders, Gabriela Dror now seeks to invoke this Court's jurisdiction and the imposition of the automatic stay to cause yet more delay and expense to be incurred by Daniel Dror, II.

15.    Gabriela Dror is in personal possession of Daniel Dror, II's house and the valuable contents located within the house, and has violated the Probate Court's Order to permit inspection

---

[12] Exhibit 5: Certified copy of the Probate Court's Agreed Order for Judicial Modification of Trust.

of the property, including so that Daniel Dror, II, can obtain appropriate insurance coverage.[13] In addition, Gabriela Dror is in possession of substantial corporate funds, also in direct disregard of the Probate Court's Orders as well as the parties' Settlement Agreement. The Probate Court's issuance of the Temporary Injunction and Appointment of Receiver was based in part on the misuse of corporate funds by Gabriela Dror.

16. The delays occasioned by Gabriela Dror's purposeful actions have allowed her to live in Daniel Dror, II's house indefinitely, to violate her multiple, overlapping fiduciary duties and misappropriate significant funds, including funds held in trust for her personal benefit, and to deprive Daniel Dror, II, of all beneficial ownership and use of the house, funds, and real estate that are rightfully his. Indeed, even though the parties reached a mediated Settlement Agreement nearly 3 months ago, Gabriela Dror has refused to implement the terms of the Settlement Agreement, which necessitated the Probate Court's extension of the receiver's authority on March 16, 2023.

17. Movant, Daniel Dror, II, therefore requests that this Court consider this matter as an emergency, and upon consideration of the Voluntary Petition, this Emergency Motion, and the evidence presented, dismiss this bankruptcy.

---

[13] The 2013 Agreement attached as Exhibits 4E (at p. 2, ¶3) and 4F (at pp. 2 – 3, Grantor's Obligations item 5) required Danny Dror and Gabriela Dror to maintain insurance coverage. Gabriela Dror has failed to do so.

Respectfully submitted:

*/s/ Michael C. Falick*
Michael C. Falick
Texas Bar No. 06794600
mfalick@rothfelderfalick.com
Rothfelder & Falick, LLP
1201 Louisiana, Suite 550
Houston, Texas 77002
Telephone:  (713) 220-2288
Telecopier:  (713) 658-8211


 */s/ Tom Kirkendall*
Tom Kirkendall
State Bar No. 11517300
bigtkirk@gmail.com
Law Office of Tom Kirkendall
2 Violetta Ct
The Woodlands, TX 77381
713.703.3536 (mobile & text)

## VERIFICATION OF EMERGENCY MOTION

Pursuant to BLR 9013-1, I certify the accuracy of the factual statements made in this Motion to demonstrate the existence of an emergency and to the need for warrant immediate relief.

*/s/ Michael C. Falick*
Michael C. Falick

## CERTIFICATE OF SERVICE

I certify that on March 28, 2023, I served a true and correct copy of this document the Pacer system as well as by email to the following:

Gabriela Dror
gabriela@gabrieladror.com

*/s/ Michael C. Falick*
Michael C. Falick