# EXHIBIT 1

Page 1 of 4 Wednesday, December 21, 2022 County Clerk Harris County, Texas

**PROBATE COURT 3**

**CAUSE NO. 493868-401**

| | | |
|---|---|---|
| **In Re: ESTATE OF** | § | **IN THE PROBATE COURT** |
| | § | |
| **DANIEL DROR** | § | **NUMBER THREE (3) OF** |
| | § | |
| **DECEASED,** | § | **HARRIS COUNTY, TEXAS** |

---

| | |
|---|---|
| **DANIEL DROR II** | § |
| ***Plaintiff,*** | § |
| **v.** | § |
| | § |
| **The ESTATE OF DANIEL DROR, by and through GABRIELA DROR as Executor of the Estate of Daniel Dror, Deceased; GABRIELA DROR, Individually; et al.** | § |
| ***Defendants.*** | § |

**ORDER GRANTING TEMPORARY INJUNCTION AND REQUEST FOR APPOINTMENT OF RECEIVER**

On December 8, 2022, the Court considered the Request for Injunctive Relief and Appointment of Receiver of Plaintiff, Daniel Dror, II ("Plaintiff" or "Mr. Dror") against Gabriela Dror (hereinafter, collectively and in all capacities, "Defendant"), Individually; as Independent Executor of the Estate of Daniel Dror, Deceased; as Co-Trustee of the Dror Family Trust; as Co-Manager and Co-Member of Kemah Development, LLC; as Director of American International Industries, Inc; as Assistant Secretary of American International Texas Properties, Inc.; and as Assistant Secretary of Kemah 518, Inc. All matters of fact and issues in controversy with respect to Mr. Dror's Request were submitted to the Court for its ruling. The Court finds that Mr. Dror is entitled to a temporary injunction and appointment of a receiver in order to protect the assets of Mr. Dror, the Dror Family Trust, Kemah Development LLC ("KDLLC"), Kemah Development Texas, LP ("KD Texas LP"), American International Industries, Inc. ("AMIII"), American International Texas Properties, Inc. ("AITPI"), and Kemah 518, Inc. ("Kemah 518"), and makes the following findings and orders:



Page 2 of 4 Wednesday, December 21, 2022 County Clerk Harris County, Texas

## Order Granting Temporary Injunction

1. It is ORDERED, ADJUDGED, and DECREED that:

a. Mr. Dror has a probable right of recovery against Defendant.

b. If the breaches by Defendant, past and continuing, are not stopped, Mr. Dror will suffer damages. These harms are imminent and include but are not limited to the unauthorized sale of property and the improper use of funds, including for purposes inconsistent with the fiduciary duties of Defendant.

c. If Defendant continues to have unfettered access to the property and funds at issue it will alter the status quo and tend to make ineffectual any judgment rendered in favor of Mr. Dror in that he will be unable to recover all or a portion of the property and funds at issue.

d. Defendant has no other adequate source of funds that would permit her to pay a judgment in favor of Mr. Dror if she is permitted to access, utilize, and/or exhaust the property and funds at issue.

e. The following temporary injunctions are necessary in order to preserve the status quo during the pendency of this action.

2. It is further ORDERED, ADJUDGED, and DECREED that Defendant and her respective officers, agents, contractors, partners, affiliates, servants, employees, representatives, attorneys, successors, and assigns, and all persons acting on behalf of, or in concert or participation with any of the foregoing on behalf or at the direction of Defendant are temporarily enjoined from:

a. Selling, transferring, pledging, or otherwise encumbering the property located at 1412 North Blvd. and all of its contents pending further order of the Court. Defendant shall maintain the property and its contents in their present condition pending further order of the Court.

b. Utilizing any of the funds or property (including real property, bank accounts, or anything of value), and/or acting in any capacity and/or taking any action, corporate or otherwise, with respect to Kemah Development LLC ("KDLLC"), Kemah Development Texas, LP ("KD Texas LP"), American International Industries, Inc. ("AMIII"), American International Texas Properties, Inc. ("AITPI"), and Kemah 518, Inc. ("Kemah 518") (collectively referred to in this Order as the "Entities") or the Dror Family Trust absent an agreement with the Plaintiff and/or Receiver (if applicable) or further order of the Court.

c. Using any funds of any of the Entities or the Dror Family Trust for any purpose absent an agreement with the Plaintiff and/or Receiver (if applicable) or further order of the Court.



d. Selling, transferring, divesting, encumbering, or in any other way affecting the title of any asset owned by any of the Entities or the Dror Family Trust absent an agreement with the Plaintiff and/or Receiver (if applicable) or further order of the Court.

3. The Court further orders Defendant to take all actions necessary to require any financial institution that holds any assets of the Trust or the Entities to provide full access to all information about any accounts to Mr. Dror and/or Receiver (if applicable).

4. This matter is set for trial on June 20, 2022.

5. Plaintiff shall, prior to the issuance of the injunction file with the Clerk a bond executed by him in the sum of $100,000.00, payable to Gabriela Dror, approved and conditioned as required by law.

**Order Granting Request for Appointment of Receiver**

1. The Court, after examining the pleadings, evidence, and testimony of the witnesses, finds and orders that:

2. Mr. Dror has a probable interest in or right to half of the property and funds of the Dror Family Trust and the Entities.

3. Based on the actions of Defendant, some of the property and funds may have already been lost, and the remaining assets are in danger of being lost, removed, or materially injured.

4. Mr. Dror, a 50% beneficiary in the Trust, has been unable to obtain full information about the assets, debts, and liabilities of the Trust and the Entities, despite Court orders requiring Defendant to produce documents and information.

5. Appointment of a receiver is necessary to protect Plaintiff, the Trust, and the Entities.

6. The Plaintiff has no other adequate remedy at law or in equity.

7. Unless a receiver is appointed, Plaintiff, the Trust, and the Entities will suffer irreparable loss.

8. It is therefore ORDERED that Harold "Hap" May, a duly qualified person, be and is appointed Receiver over the following property: the property and funds of the Dror Family Trust and the Trust's and/or Estate's ownership interest in the Entities. As Receiver, he is authorized to (1) take charge and keep possession of the property of the Dror Family Trust and its, or the Estate's, ownership interest in the Entities and assets owned directly or through the Trust's ownership in Kemah Development, LLC, Kemah Development Texas, LP, American International Industries, Inc., American International Texas Properties, Inc., and Kemah 518, Inc.; (2) perform a full

Page 3 of 4 Wednesday, December 21, 2022 County Clerk Harris County, Texas



accounting of all income and disbursements from any and all accounts of the Trust and the Entities from March 1, 2021, to the present; and (3) perform any other acts in regard to the Trust and assets owned by the Trust and the Trust's ownership interest in the entities as authorized by the court.

9. It is further ordered that Harold "Hap" May, before entering on his duties as Receiver, shall take an oath to perform them faithfully; shall execute a bond with good and sufficient sureties in the amount of $1.5 million, conditioned on the faithful discharge of his duties as Receiver in this action; and shall obey the orders of this Court. This appointment shall take effect on the Receiver's filing of the oath and on the court's approval of the required bond. Receiver's appointment shall remain in effect until further order of this court. Receiver is further ordered to report to the Court whether the initial bond should be increased or decreased by no later than sixty (60) days after the Receiver qualifies.

10. The parties are further ordered to schedule a status conference with the Court for no later than sixty (60) days of the date of this Order to discuss the adequacy of the aforementioned bonds and the continued need, if any, for injunctive relief.

SIGNED on December 12, 2022 at 8:23 a.m./p.m.

Presiding Judge

Page 4 of 4 Wednesday, December 21, 2022 County Clerk Harris County, Texas









**I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.**

**Witness my official hand and seal of office**
**This December 21, 2022**

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

**Confidential information may have been redacted from the document in compliance with the Public Information Act.**



PROBATE COURT 3

CAUSE NO. 493,868-401

| In re: ESTATE OF | § | IN THE PROBATE COURT |
|---|---|---|
| DANIEL DROR | § | NUMBER 3 OF |
| DECEASED, | § | HARRIS COUNTY, TEXAS |

DANIEL DROR, II
*Plaintiff,*

V.

The ESTATE OF DANIEL DROR,
By and through GABRIELA DROR
As executor of the Estate of Daniel Dror,
Deceased; GABRIELA DROR,
Individually; et al.
*Defendants*

FILED
2022 DEC 20 PM 2:08
COUNTY CLERK
HARRIS COUNTY TEXAS

Page 1 of 1 Wednesday, December 21, 2022 County Clerk Harris County, Texas

**ORDER GRANTING DANIEL DROR, II'S MOTION TO REDUCE AMOUNT OF BOND FOR ISSUANCE OF TEMPORARY INJUNCTION**

On this date, the Court heard the Motion to Reduce Amount of Bond for Issuance of Temporary Injunction of Daniel Dror II (the "Motion"). After considering the pleadings, evidence, and the arguments of counsel, the Court finds that the Motion should be GRANTED.

The Court therefore ORDERS that the amount of the bond to be deposited for the issuance of the injunction awarded in the Court's December 12, 2022 Order Granting Temporary Injunction ~~and Request for Appointment of Receiver~~ shall be reduced to $100.00, which may be deposited as a cash bond.

Signed on this the 20th day of December, 2022

Judge Presiding




**I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.**

**Witness my official hand and seal of office**
**This December 21, 2022**

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

**Confidential information may have been redacted from the document in compliance with the Public Information Act.**





**Teneshia Hudspeth**
COUNTY CLERK, HARRIS COUNTY, TEXAS
PROBATE COURTS DEPARTMENT

| | | |
|---|---|---|
| The State of Texas | § | **Docket No. 493868-401** |
| | § | |
| Harris County Probate Court No. 3 | § | In the Estate of: Daniel Dror, Deceased |

**NOTICE TO PROBATE JUDGE OF DEPOSIT INTO REGISTRY OF COURT OF CASH IN LIEU OF CORPORATE BOND**

COMES NOW, Teneshia Hudspeth, County Clerk and Clerk of the Probate Courts of Harris County, Texas, giving notice to the Honorable Probate Court of Harris County, Texas, of the receipt by said County Clerk on December 20, 2022 from Daniel Dror, II of the sum of $**100.00**, (In Lieu of Corporate Bond). Said cash has been received as directed by Section 305.101 and 1355.001 of the Texas Estates Code and has been deposited in the Registry of the Court Account of the County Clerk in the official County Depository for Registry of the Court Funds.

SAID funds shall remain in the Registry of the Court pending further orders from the Court.
In the Estate of: Daniel Dror, Deceased

Signed: on this the 20th day of December, 2022,

Teneshia Hudspeth, County Clerk,
County Probate Court No. 3
Harris County, Texas

Katherine Williams, Deputy Clerk

Page 1 of 1 Wednesday, December 21, 2022 County Clerk Harris County, Texas






**I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.**

**Witness my official hand and seal of office**
**This December 21, 2022**

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

**Confidential information may have been redacted from the document in compliance with the Public Information Act.**

