# EXHIBIT 2

FILED
3/22/2023 12:55 PM
Teneshia Hudspeth
County Clerk
Harris County - County Probate Court No. 3
Accepted By: LS

CAUSE NO. 493,868-401

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| DANIEL DROR, | § | NUMBER 3 OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

| | |
|---|---|
| DANIEL DROR II | § |
| Individually, as Co-Trustee of the | § |
| Dror Family Trust and subtrusts; as | § |
| Co-Manager and Co-Member of Kemah | § |
| Development, LLC; and on behalf, | § |
| of Kemah Development Texas, LP | § |
| *Plaintiff,* | § |
| v. | § |
| | § |
| The ESTATE OF DANIEL DROR, | § |
| by and through GABRIELA DROR | § |
| as Executor of the Estate of Daniel Dror, | § |
| Deceased, GABRIELA DROR, | § |
| Individually, et al. | § |
| *Defendants.* | § |

## DANIEL DROR, II'S EMERGENCY MOTION TO HOLD GABRIELA DROR IN CONTEMPT OF COURT AND MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE JASON COX:

Daniel Dror, II, presents this Emergency Motion that the Court Hold Gabriela Dror, individually and in any/all of her claimed capacities in contempt of Court and Motion for Sanctions, and respectfully shows the Court the following.

### FACTUAL BACKGROUND

1. On March 16, 2023, the Court heard Plaintiff, Daniel Dror II's, Request that the Court Hold Gabriela Dror in contempt of Court and Motion for Sanctions, and Motion to Enforce the Family Settlement Agreement or alternatively, to Extend the Receiver's Authority. The Court entered Orders from the bench at the conclusion of that hearing, including that the parties would



conduct a two hour inspection of 1412 North Blvd. at 2:00 p.m. on March 21, 2023.

2.  At 1:28 p.m., while counsel for Mr. Dror was in transit to the inspection, he received the following text from Byron Barclay, Gabriela Dror's counsel:



Upon arriving at 1412 North Blvd. at approximately 1:45 p.m., Mr. Barclay informed Mr. Falick that while he had attempted to contact Gabriela Dror to determine the nature of the claimed emergency, he had been unsuccessful. Daniel Dror, II arrived a few minutes later as did Hap May and a representative from Mr. Polland's office. At approximately 2:15 p.m., Mr. Barclay, Mr. May, and Mr. Polland's representative all attempted to contact Gabriela Dror with no success. Mr. Polland's representative then departed. Mr. Barclay remained for another 10 minutes before departing. Mr. May, Mr. Falick, and Mr. Dror had discussions for the next 15 minutes, and Mr. May then departed. Mr. Falick and Mr. Dror remained outside the house, owned by Mr. Dror, until 3:00 p.m. Gabriela Dror had not returned to the property prior to the time Mr. Falick and Mr. Dror departed.

3. At approximately 5:30 p.m., Mr. Falick and Mr. Barclay exchanged the following texts:



4. As of the filing of this Motion, and after several phone calls and emails with Gabriela Dror's counsel, no additional information has been provided to substantiate that there was an "emergency."

5. To date, Gabriela Dror has violated each and every Order issued by this Court, including the Court's Temporary Injunction, and now, the Court's Order to allow Mr. Dror access to his property. As the Court also heard last week, Gabriela Dror has also refused to implement the parties' Settlement Agreement. In response, the Court extended the Receiver's authority last week.

6. Problematically, however, the 1412 North Blvd property has remained in Gabriela Dror's possession and control. Despite the fact that the property and all its contents are owned by Daniel Dror, II, since mid-2021, Gabriela Dror has refused to allow Mr. Dror to enter the home. Indeed, on March 15, 2023, when with advance notice Mr. Dror and his counsel appeared at the property, Gabriela Dror did not answer the door and instead called the police.

7. The property includes valuable art and antiques owned by Mr. Dror. Despite written

documents that require Gabriela Dror to insure the property (home and contents), she has refused to do so. Mr. Dror has temporarily bound coverage for the building but cannot do so with respect to the contents without an inspection, photographs, and appraisals, which were to happen with the March 21, 2023, inspection ordered by the Court. As that did not occur, there is valuable property that remains uninsured. In addition, the insurance company that has temporarily bound coverage for the building needs to conduct an inspection of the outside of the property.

8. The "emergency" on March 21, 2023, and the failure to provide any information as to the nature of the "emergency" is likely yet another example of Gabriela Dror's complete disregard for this Court's Orders, the parties' Settlement Agreement, the fact Mr. Dror owns the 1412 North Blvd property and contents, and the expense she continues to cause the parties to incur, including her son who, through his trust over which she is Trustee is paying her attorneys.

9. Given the continuous disregard of the Court's Orders, Mr. Dror requests that the Court hold an evidentiary hearing for Gabriela Dror to show cause why she should not be held in contempt of court. In the event that the Court determines, after notice and an evidentiary hearing, that Gabriela Dror, individually and in any/all of her claimed capacities is guilty of contempt of Court, Mr. Dror requests that the Court issue written findings memorializing that fact and punish Gabriela Dror for contempt as provided by Tex. Gov't Code § 21.002(b); Tex. R. Civ. P. 215.2(b)(6).[1]

10. Finally, the Family Settlement Agreement provides that Mr. Dror is to pay Gabriela Dror a substantial sum, and then six months from that date, she is to vacate the 1412 North Blvd

---

[1] Tex. Gov't Code § 21.002(b) provides that the Court can fine a person or require a person to be confined in jail for civil contempt. The Government Code imposes no limit on the maximum fine the Court can impose for civil contempt. *In re Reece*, 341 S.W.3d 360, 366 n. 9 (Tex. 2011; *Galtex Prop. Investors, Inc. v. City of Galveston*, 113 S.W.3d 922, 927 (Tex. App. – Houston [14th Dist.] 2003, no pet.). The Court can also require a person to be confined in jail for civil contempt until she complies with the Court's Orders. Tex. Gov't Code § 21.002(e).



house owned by Mr. Dror. Because Gabriela Dror has demonstrated that she will not follow this Court's Orders or implement the parties' Settlement Agreement, in order to protect his property, Mr. Dror requests that among the sanctions, the Court Order Gabriela Dror and all other occupants removed from the 1412 North Blvd. property immediately. In the alternative, should the Court determine that Gabriela Dror can continue to reside in the house, Mr. Dror requests that the Court require Gabriela Dror to post a bond in the amount of $8 million to secure the value of the property and its contents, to be returned to her upon her departure from the premises. Absent her ability to post such a bond, Gabriela Dror and all other occupants should be removed from the premises as there is no way for Mr. Dror to be assured that Gabriela Dror will not cause damage to his property, damage for which Gabriela Dror does not have sufficient (or any) assets to compensate Mr. Dror.

11. Mr. Dror further requests that the Court enter an award of sanctions against Gabriela Dror. Mr. Dror proposes the following appropriate sanctions given the repeated violations by Gabriela Dror of the Court's Orders:

    a. Award costs and expenses incurred by Mr. Dror in an amount to be presented as evidence through Mr. Dror's counsel against Gabriela Dror, individually and in her claimed capacities (Tex. R. Civ. P. 215.2(b)(2); *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992))[2];

    b. Impose any other sanction deemed appropriate by the Court. Tex. R. Civ. P. 13 and 215.2(b); Tex. Civ. Prac. & Rem. Code §§9.012 and 10.004.

Given her various breaches of the Court's Orders and the Settlement Agreement, it is anticipated that Gabriela Dror will breach the requirement that she vacate the property as well. As a result, Mr. Dror requests that the Court modify the Settlement Agreement to have the funds placed in the Court registry to be disbursed to Gabriela Dror upon her vacating the 1412 North Blvd. property.



---

[2] Due to the malfeasance of Gabriela Dror, Mr. Dror has been forced to incur attorneys' fees in excess of $30,000.00 since the mediation in this case, not including the preparation of the pleadings being filed on March 8, 2023, and the hearings on these matters.

*March 22, 2023, Motion to Hold Gabriela Dror in Contempt and for Sanctions*      *Page 5*



## PRAYER

Plaintiff, Daniel Dror, II, requests that this Court hold a hearing that requires Gabriela Dror, individually and in any/all of her claimed capacities to show cause why she should not be held in contempt of Court for violating the Court's Orders. Upon the evidentiary hearing, Daniel Dror, II, requests that the Court (1) find that Gabriela Dror has failed to comply with the Court's Orders; and (2) issue appropriate contempt fines and/or sanctions as detailed in paragraphs 10 and 11 above.

Respectfully submitted:

**ROTHFELDER & FALICK, L.L.P.**

*/s/ Michael C. Falick*
Michael C. Falick
Texas Bar No. 06794600
mfalick@rothfelderfalick.com
1201 Louisiana, Suite 550
Houston, Texas 77002
Telephone: (713) 220-2288
Telecopier: (713) 658-8211
**ATTORNEYS FOR DANIEL DROR, II**

### CERTIFICATE OF CONFERENCE

I have discussed the relief requested in this Motion with Gabriela Dror's counsel, who has indicated he is opposed to the relief requested. Mr. Polland is out of the country.

*/s/ Michael C. Falick*
Michael C. Falick

### CERTIFICATE OF SERVICE

I certify that on March 22, 2023, I served a true and correct copy of this document via electronic delivery and/or email delivery upon all counsel of record.

*/s/ Michael C. Falick*
Michael C. Falick






I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This March 27, 2023

*Teneshia Hudspeth*

Teneshia Hudspeth, County Clerk
Harris County, Texas

Confidential information may have been redacted from the document in compliance with the Public Information Act.

