# EXHIBIT 4E

## AGREEMENT

Date: July 1, 2013

| Parties: | | |
|---|---|---|
| Daniel Dror, Sr., also known as Danny Dror ("Dror"), and his wife, Gabriela Krkoskova Dror ("Gabriela") 1412 North Blvd. Houston, Texas 77006 | Daniel Dror II ("DDII") 2121 Kirby Drive, Apt. 18NE Houston, Texas 77019 | Boulevard Properties Corporation ("BPC") 601 Hanson Rd Kemah, TX 77565-2701 |

Reference is made to the following litigation now pending: *Wells Fargo Bank, N.A., et al, v. Boulevard Properties Corporation, et al*; In the District Court of Harris County, Texas, 270th Judicial District, Cause No. 2011-27354 (the "Lawsuit"). The "Property" referred to herein is 1412 North Boulevard, being further described as

> Lot Ten (10), of Broadacres, a subdivision in the City of Houston, Harris County, Texas, according to the map or plat thereof recorded in Volume 526, Page 497, of the Deed Records of Harris County, Texas, and being the same tract described in Deed dated January 31, 1923, from Guardian Trust Company to Alice Baker Jones, recorded in Volume 525, Page 537, of the Deed Records of Harris County, Texas, and all improvements thereon, which property is known locally as 1412 North Boulevard, Houston, Texas, in addition to the above Lot Ten (10), an undivided 1/25th interest in Broadacres Park, which park is owned and held by the owners of the residential property in Broadacres Subdivision. The Property includes all artwork, antiques, collectibles, furnishings, equipment, appliances and fixtures located therein.

Reference is also made to the 2009 foreclosure of a deed of trust held by BPC, the Substitute Trustee's Deed dated August 5, 2009 and the Corrected Substitute Trustee's Deed dated October 22, 2009 ("BPC Foreclosure"), which Dror and DDII allege were wrongful. The settlement of this dispute, by among other things, completely setting aside the BPC foreclosure, is good and adequate consideration for this agreement, and its receipt and sufficiency are hereby acknowledged by all parties. Due to the fact that all disputes and differences have been resolved between all parties by this agreement Dror and DDII and BPC desire to cause all relationships to revert back to their relationship as it was before the foreclosure on August 5, 2009; so that it will be as if the foreclosure never occurred, and title has all along been vested in DDII, subject to Dror's life estate in the property.

The Parties agree as follows with respect to the pending settlement of the Lawsuit.

1. The original OOMC Note will be paid off in full and a release of obtained from the Plaintiff ("Wells") and/or the holder of the OOMC Note, as well as releases of liability and dismissal of all claims in the Lawsuit. Funds for the settlement will be borrowed by BPC from Trustmark Bank ("Trustmark"), which will hold the first lien in the amount of $850,000, and a second lien in the amount of $1,450,000 from an BPC or an affiliate of BPC and guaranteed by Dror, so that the total amount of all liens against the Property following the Closing of the settlement shall not be more than $2.3 million.

2. The BPC Foreclosure will be set aside and held for naught, as if it had never occurred, and following Closing of the settlement, title to the Property will be reinstated to the way it was before the BPC Foreclosure, that is to say, fee simple title will be vested in DDII by a deed from BPC, subject only to (a) the 1-1-2008 life estate deed to Dror, (b) the Trustmark Deed of Trust securing a note in the amount of $850,000, (c) the new BPC $1,450,000 Deed of Trust for a total debt against the property of $2.3 million. An owner's policy of title insurance will be provided. Dror shall pay any necessary premium to establish the owner's policy.

3. Dror will occupy the Property during his lifetime and will hold DDII harmless from any and all obligations, costs and liabilities in connection therewith, will pay each and every installment on all indebtedness as scheduled, will pay all taxes on or before due date, will keep the Property insured as required by any deed of trust or loan agreement, and will provide to DDII supporting documentation of all of the foregoing. If Dror fails to perform the foregoing, the life estate will terminate automatically six months after such failure, and DDII may file a notice of such termination of such life estate. Dror shall grant a deed of trust in favor of DDII to secure his payment and performance of such obligations. The form of such deed of trust is attached hereto as Exhibit B. Neither Dror nor DDII shall further encumber the Property.

4. If Dror desires to sell the land and residence at any time within 48 months of this date in an arms-length sale to a bona fide third party purchaser, DDII agrees to join in the execution of any and all deeds or other instruments necessary to effect the sale. If such sale occurs within 24 months of this date, twenty percent (20%) of the net sale proceeds shall be paid to DDII; if such sale occurs more than 24 but within 30 months of this date, twenty-two and one half percent (22.5%) of the net sale proceeds shall be paid to DDII; if such sale occurs more than 30 but within 36 months of this date, twenty-five percent (25%) of the net sale proceeds shall be paid to DDII; if such sale occurs more than 36 but within 42 months of this date, twenty-seven and one-half percent (27.5%) of the net sale proceeds shall be paid to DDII; if such sale occurs more than 42 but within 48 months of this date, thirty percent (30%) of the net sale proceeds shall be paid to DDII; and in each case the balance of the net sale proceeds shall be paid to Dror or his designee(s). As used herein, "net sale proceeds" means the sales price of the Property, minus (a) the amounts necessary to pay off the indebtedness to Trustmark, and BPC, not to exceed $2.3 million, and (b) reasonable and customary closing costs. Any sale more than 48 months from this date must be mutually agreed to by Dror and DDII.

5. Upon Dror's death, Gabriela may continue to occupy the residence to the extent provided in the 1/1/2008 life estate deed. At the expiration of such period, DDII shall either sell the land and residence, and pay to Gabriela Krkoskova Dror, Trustee of the David Alexander Dror Trust of 2004, the sum of one million dollars ($1,000,000) from the net proceeds of the sale; or, if it is not sold, pay to Gabriela Krkoskova Dror, Trustee of the David Alexander Dror Trust of 2004, the sum of one million dollars ($1,000,000) and require her to vacate the premises.

6. This Agreement shall be referred to and incorporated in the deed from BPC to DDII. The form of such deed is attached hereto as Exhibit A. Such deed will be recorded in the Official Public Records of Real Property of Harris County, Texas, immediately following the recording of the Closing of the Lawsuit settlement agreement and the Trustmark loan.

7. Gabriela joins herein to evidence her consent to and approval of this agreement.

8. To the extent necessary, the holders of any liens against the Property shall consent to all of the foregoing. Dror agrees to secure the consent of Trustmark Bank to the foregoing and to hold DDII harmless of and from any and all obligations, costs and liabilities in connection therewith.

EXECUTED as of the date first above written.



_____    _____
Daniel Dror, Sr.                              Daniel Dror II

BOULEVARD PROPERTIES CORPORATION (formerly known as Elk International Corporation)

By: _____
Jerry L. Schutza,
Vice-President

_____
Gabriela Krkoskova Dror

STATE OF TEXAS
COUNTY OF HARRIS

The foregoing instrument was acknowledged on July 11, 2013, by Jerry L. Schutza, vice-president of Boulevard Properties Corporation formerly known as Elk International Corporation, a Texas corporation, on behalf of such corporation.

KATRINA MARIE HACKNEY
Notary Public, State of Texas
My Commission Expires
October 17, 2016

_____
NOTARY PUBLIC in and for the
State of Texas

STATE OF TEXAS
COUNTY OF HARRIS

The foregoing instrument was acknowledged on July 11, 2013, by Daniel Dror II.

KATRINA MARIE HACKNEY
Notary Public, State of Texas
My Commission Expires
October 17, 2016

_____
NOTARY PUBLIC in and for the
State of Texas

8.  To the extent necessary, the holders of any liens against the Property shall consent to all of the foregoing. Dror agrees to secure the consent of Trustmark Bank to the foregoing and to hold DDII harmless of and from any and all obligations, costs and liabilities in connection therewith.

EXECUTED as of the date first above written.

_____     ~~Daniel Dror II~~ *(signature)*     BOULEVARD PROPERTIES
Daniel Dror, Sr.                                                  CORPORATION (formerly known
                                                                  as Elk International Corporation)

                                                                  By:_____
                                                                       Jerry L. Schutza,
                                                                       Vice-President


_____
Gabriela Krkoskova Dror


STATE OF TEXAS
COUNTY OF HARRIS

The foregoing instrument was acknowledged on July____, 2013, by Jerry L. Schutza, vice-president of Boulevard Properties Corporation formerly known as Elk International Corporation, a Texas corporation, on behalf of such corporation.


                                        _____
                                        NOTARY PUBLIC in and for the
                                        State of Texas


STATE OF TEXAS
COUNTY OF HARRIS

The foregoing instrument was acknowledged on July 12, 2013, by Daniel Dror II.

                                        *(signature)*
                                        _____
                                        NOTARY PUBLIC in and for the
                                        State of Texas

[Notary seal: CATEY BOUDREAUX, Notary Public, State of Texas, My Commission Expires May 16, 2015]

8.      To the extent necessary, the holders of any liens against the Property shall consent to all of the foregoing.  Dror agrees to secure the consent of Trustmark Bank to the foregoing and to hold DDII harmless of and from any and all obligations, costs and liabilities in connection therewith.

EXECUTED as of the date first above written.

|  |  |  |
|---|---|---|
| | | BOULEVARD PROPERTIES CORPORATION (formerly known as Elk International Corporation) |
| _____ | _____ | By: _____ |
| Daniel Dror, Sr. | Daniel Dror II |       Jerry L. Schutza, <br>      Vice-President |

_____
Gabriela Krkoskova Dror

STATE OF TEXAS
COUNTY OF HARRIS

The foregoing instrument was acknowledged on July____, 2013, by Jerry L. Schutza, vice-president of Boulevard Properties Corporation formerly known as Elk International Corporation, a Texas corporation, on behalf of such corporation.

_____
NOTARY PUBLIC in and for the
State of Texas

STATE OF TEXAS
COUNTY OF HARRIS

The foregoing instrument was acknowledged on July____, 2013, by Daniel Dror II.

_____
NOTARY PUBLIC in and for the
State of Texas

STATE OF TEXAS
COUNTY OF __Harris__

The foregoing instrument was acknowledged on July _10_, 2013, by Daniel Dror, Sr.

[Notary seal: MARY LOU REINHART, MY COMMISSION EXPIRES February 28, 2017]

_____
NOTARY PUBLIC in and for the
State of Texas

STATE OF TEXAS
COUNTY OF _____

The foregoing instrument was acknowledged on July____, 2013, by Gabriela Krkoskova Dror.

_____
NOTARY PUBLIC in and for the
State of Texas